Helen D. Orr, Appellant, v. G. Frank Croissant and Union Bank of Chicago, Appellees.

Gen. No. 33,259.

Opinion filed May 31, 1929.

MAXIMILIAN J. ST. GEORGE, for appellant.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellees; ROBERT N. GOLDING, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

In this case the court granted the motion of the defendant Union Bank of Chicago to strike the amended statement of claim, and plaintiff standing by the same has appealed. It is recognized that such motion operates in the municipal court of Chicago as a demurrer and thus raises the question whether the statement of claims stated a cause of action against the bank.

In substance said statement alleged that the bank is an Illinois corporation doing a general banking and trust business in this State, and being a trustee, agent, etc., of a certain syndicate sold to plaintiff class "D" securities, i.e., 20 units of said syndicate in the form of two certificates signed by the other codefendant, G.

Frank Croissant, for which plaintiff paid $10,000, and that he has made a demand for the return of the money and for reasonable attorneys' fees, and has tendered back the securities.

The action purports to be based on section 37 of the Securities Act, Cahill's St. ch. 32, ¶ 290, and the court's decision was based on paragraph 3, sec. 5 of said Act, Cahill's St. ch. 32, ¶ 258, subd. 3, which states that securities in class "B" shall comprise securities:

"Sold by or to any bank, trust company or insurance company or association organized under any law of this State or of the United States, or doing business in this State under the supervision of the Department of Trade and Commerce; or of the Auditor of Public Accounts; . . ."

Appellant recognizes that the main question presented by the record is whether the defendant bank comes within the provisions of said paragraph, appellant contending that the exemption of a bank or trust company from the Securities Act thus provided for is limited to those securities which a bank owns and sells as a banking corporation, and appellee contending that the exemption applies to any security sold by a bank or a trust company in any capacity.

We think the question has already been decided in the case of *Stewart v. Brady*, 300 Ill. 425. In that case the constitutionality of the act was attacked among other grounds because of the special privilege said provision conferred upon banks, trust companies and other organizations. In upholding the act the court after stating its aim and intention said that the classification of the act was based not only on the securities but on the persons who deal in them and the circumstances under which the transactions take place; that the distinction as to the organizations mentioned is apparent, the banks or other organizations named being under Federal or State supervision. The court then said:

"The legislature might well believe that because of their character, financial responsibility and methods of doing business, and of the public supervision and inspection of them, no necessity existed for requiring further guaranties for the protection of the public in dealing with them, and a classification based upon such a distinction cannot be regarded as arbitrary or unreasonable." (p. 443.)

Notwithstanding the resultant situation stated in Mr. Justice Duncan's dissent from the majority opinion in that case, the court nevertheless held that the statute was not rendered unconstitutional by reason of the claim that such provision conferred a privilege on banks as sellers of securities. We cannot escape the conclusion, therefore, that the decision clearly recognizes that banks and trust companies are exempt from liability under section 37 of that act.

Appellant argues that the act was not intended to confer on banks powers they do not possess under the Banking Act under which they are organized. In our opinion it is not a question whether the bank has exceeded its powers in dealing with such securities but whether they being class "B" securities because sold by the bank it is amenable to an action brought under said section 37, Cahill's St. ch. 32, ¶ 290. We think the scope of the Supreme Court decision requires us to answer that question in the negative.

In sustaining the motion of the bank to strike the amended statement of claim the court dismissed the suit and gave judgment to the bank as in a case of nonsuit. Appellant urges that the suit should have been dismissed as to the bank only. The action is the same in character and form as that brought in the case of *Stewart v. Brady, supra,* which was there held to be properly brought in the form of assumpsit, being for money alleged to be due the plaintiff under the provisions of a statute that does not restrict him to any other remedy. Hence, if the action would not lie

against one of the joint defendants it could not be maintained against both of them. As appellant stood upon the theory of the right to maintain an action against the defendants jointly he cannot complain that the suit was dismissed as to both, it appearing it could not be maintained against one of them.

The judgment is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.